IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. 4:15-cv-02782 |
| Plaintiff, | | |
| v. | | FIRST AMENDED COMPLAINT |
| RYAN'S POINTE HOUSTON, LLC | | JURY TRIAL DEMANDED |
| and | | |
| ADVANTAGE PROPERTY MANAGEMENT, LLC, | | |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy) and national origin (Mexican), and to provide appropriate relief to Magali Villalobos, who was adversely affected by such practices. As alleged with greater particularity in paragraph(s) 12-16 below, Defendants Ryan's Pointe Houston, LLC and Advantage Property Management, LLC (collectively "Defendant") discriminated against Villalobos because of her pregnancy, and because of her national origin when it discharged her from her employment as a manager on or about March 21, 2012.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Ryan's Pointe Houston, LLC has continuously been a Texas Limited Liability Corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees. Defendant Ryan's Pointe Houston, LLC may be served with process by serving its registered agent, Cassie B. Stinson, 1401 Richmond Ave., Suite 250, Houston, Texas 77006. At all relevant times, Defendant Advantage Property Management, LLC has continuously been a Delaware Limited Liability Company doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees. Defendant Advantage Property Management, LLC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Rd, Wilmington, Delaware 19808.

5. At all relevant times, Defendant Ryan's Pointe Houston, LLC d/b/a Advantage Property Management has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

2000e(b), (g) and (h). At all relevant times, Advantage Property Management, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6. More than 30 days prior to the institution of this lawsuit, Magali Villalobos filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 6, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On January 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least June 1, 2011, Defendant has engaged in unlawful employment practices at its Houston offices, in violation of Section Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k).

13. Magali Villalobos was employed as an apartment assistant manager when Defendant purchased the property in June 2011. After Defendant purchased the property, its

ownership and managers held a meeting telling staff that they wanted to change the racial demographics of the apartment complex, calling the Black and Hispanic tenants "riff raff."

14. In January 2012, Villalobos became an apartment manager. Shortly afterwards, Defendant's managers visited Villalobos' property and expressed their displeasure over the fact that the property employed so many Hispanics.

15. In February 2012, Respondent hired a new regional manager and instructed her to fire Villalobos because Defendant wanted to change the racial demographic of the tenants and of the staff, adding that Defendant wanted a higher class of individual with the look of Ken and Barbie.

16. On or about February 2012, Villalobos informed Defendant that she was pregnant. Defendant then harassed her about the time she would need to take off because of her pregnancy. One manager said he was sure Charging Party would take off the maximum time allowed "because that is what Mexicans do." Defendant fired Charging Party on March 21, 2012.

17. The unlawful employment practices complained of in paragraphs 12-16 above were intentional.

18. The unlawful employment practices complained of in paragraphs 12-16 above were done with malice or with reckless indifference to the federally protected rights of Magali Villalobos.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Ryan's Pointe Houston, LLC and Advantage Property Management LLC, their officers, agents, servants, employees, attorneys,

and all persons in active concert or participation with them, from engaging in sex and national origin discrimination.

B.	Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of Mexican national origin, and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to make whole Magali Villalobos by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Magali Villalobos.

E.	Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to make whole Magali Villalobos, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-16 above, in amounts to be determined at trial.

F.	Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to make whole Magali Villalobos by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-

16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Defendant Ryan's Pointe Houston, LLC and Advantage Property Management LLC to pay Magali Villalobos punitive damages for its malicious and reckless conduct described in paragraphs 12-16 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

_/s/_____
Rudy L. Sustaita
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 19523560
Southern District of Texas No. 11850
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Email: rudy.sustaita@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney
ROSE ADEWALE-MENDES
Supervisor Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002