UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
July 18, 2019
David J. Bradley, Clerk

Equal Employment Opportunity, §
Commission, et al., §
§
    Plaintiffs, §
§
versus §     Civil Action H-15-2782
§
Ryan's Pointe Houston, LLC, et al., §
§
    Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

The Equal Employment Opportunity Commission sued Ryan's Pointe Houston, LLC, and Advantage Property Management, LLC, on behalf of Magali Villalobos for national origin and sex discrimination. Because it cannot support its claims, it will take nothing.

2. *Background.*

Ryan's Pointe is a 280-unit residential apartment complex. Advantage manages it. In December 2011, Hayman Advisors entered a bookkeeping agreement with Creative Property Management Company. Creative assisted with payroll services for employees at Ryan's Pointe.

Villalobos served as the interim property manager. She was hired as an assistant manager based on her representation that she had been an assistant manager for C & C (Bala Ram), an apartment complex. When Tawana Rowghani, the property manager for Ryan's Pointe, was fired, Villalobos, by default, became the interim property manager. Her responsibilities included maintenance, finding creditworthy tenants, and collecting rent. In February 2012, Advantage employed Bobbie Dusek as its regional supervisor; that made her Villalobos's supervisor.

Dusek prepared a thirty-day review of the property and its staff. She found Villalobos unqualified for her position as property manager because she was (a) late to work; (b) leaving early; (c) excessively absent; (d) sending invoices late; and (e) unable to lower the rate of rent delinquencies. Dusek met with Villalobos to discuss the deficiencies of the complex under her

control. Dusek says Villalobos gave her the impression that she thought that she did not need to improve her work.

On March 8, Dusek orally warned Villalobos because she had not improved operations. She says that Villalobos told her she was pregnant and she needed the next day for an abortion. Dusek approved. Four days later, Dusek gave her a written warning. Villalobos declined to sign it. After that, Dusek recommended to the owners of the complex that Villalobos be fired.

Dusek fired Villalobos in late March. She was replaced by Rebecca Johnson. Since then, delinquencies declined, occupancy increased, and fewer tenants have criminal histories. The Commission has sued on behalf of Villalobos. It claims that Ryan's Pointe and Advantage discriminated against her based on national origin and sex.

3. *National Origin.*

The Commission first says that Ryan's Pointe and Advantage discriminated against Villalobos because, as she describes herself, she is Mexican. Villalobos was not terminated because of her national origin. She did not perform her duties as property manager and was not qualified to be a property manager in the first place. The Commission has not shown that Villalobos was fired for any reason other than that she was a bad employee.

To establish discrimination under Title VII of the Civil Rights Act of 1964, Villalobos and the Commission must show that: (a) Villalobos is a member of a protected class; (b) she was qualified for her position; (c) she was subject to an adverse employment action; and (d) others outside of the protected class, who were similarly situated, were treated more favorably.[1]

Villalobos and the Commission have not established a *prima facie* case for discrimination because Villalobos was not qualified for her last position. She was originally hired as a leasing agent by her former business, C & C. She was only hired as an assistant manager by Ryan's Pointe because she claimed she was an assistant manager at C & C. She then stayed on as assistant manager when Ryan's Pointe and Advantage bought the property. She became property manager by default when Rowghani left. Only later was it discovered that Villalobos had misrepresented her previous managerial experience, and in fact possessed little managerial experience or skills.

---

[1] *See Vincent v. Coll. of the Mainland*, 2016 U.S. Dist. LEXIS 135122, *16 (S.D. Tex. 2016) (citing *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003) (Title VII and § 1981 claims)).

Even if Villalobos were qualified to be property manager, Ryan's Pointe and Advantage fired Villalobos for objective, measurable, work-related, nondiscriminatory reasons. Once an employee establishes a *prima facie* case for discrimination, the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. If this burden is met, the employee must then show that the employer's response is pretext for discrimination.[2]

Ryan's Pointe and Advantage meet this burden. Even though the owners of Ryan's Pointe made comments regarding the nationality of tenants living at the property and their poor paying practices, these comments have nothing to do with Villalobos, her national origin, or her job performance. Villalobos was terminated because she was a poor property manager with a history of lying and missing work. Her tenure included a high rate of rent delinquencies, failure to promptly bill, and incorrect reports about the property. She did not show up to work on time, left early, and would leave for hours during her shifts. Ryan's Pointe and Advantage only kept Villalobos as the property manager when they hired Dusek because they knew Dusek would be conducting a thirty-day review of the staff. Upon discovering Villalobos's work habits and history, Dusek shared her dissatisfaction with Villalobos and advised her to consider improving her performance. Villalobos simply did not think she needed to change. Dusek then decided that Villalobos was not competent to manage the property, and Villalobos was fired.

Finally, the reasoning of Ryan's Pointe and Advantage is not merely a pretext for discrimination based on national origin, as Villalobos's behavior proved to be poor by the standards of an employee, let alone a manager. Recognizing Villalobos's incompetence is not an adverse employment action. No evidence suggests that she was fired for anything but her poor management. Villalobos was Hispanic when she became property manager at Ryan's Pointe. She was not fired until after the thirty-day review, when her poor managerial skills and inconsistencies in her job history were revealed. Neither she nor the Commission has a claim.

4.  *Sex.*

The Commission's second claim is that Ryan's Pointe and Advantage discriminated against Villalobos because she was pregnant. Villalobos has no sex discrimination claim.

---

[2] *See McDonnell Douglas Corp. V. Green*, 411 U.S. 792-93 (1073) (the plaintiff has the burden of proving all the elements).

Using the same framework, the Commission has not shown that Villalobos was qualified for her position. Even if she were qualified, the Commission cannot show that the reasoning behind Villalobos's termination was a pretext for discrimination or that her termination had to do with her pregnancy. She was preceded by a woman and succeeded by one. Dusek was understanding and allowed Villalobos to take off work because of her pregnancy. The facts again demonstrate that Villalobos was terminated only because of her dishonesty on her resume and her incompetence as a property manager.

5. Conclusion.

Neither Ryan's Pointe nor Advantage discriminated against Villalobos for her national origin, sex, or her pregnancy. The facts show that Villalobos was not qualified for her position as property manager, and that she was terminated for her poor business performance and lack of competence as property manager. The Commission will take nothing from Ryan's Pointe and Advantage.

Signed on July 18, 2019, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge