IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§§§ Plaintiff, and MAGALI VILLALOBOS, §§§§§§ Intervenor, v. RYAN'S POINTE HOUSTON, LLC and ADVANTAGE PROPERTY MANAGEMENT, LLC, Defendants. | CIVIL ACTION NO. 4:15-cv-02782 |

## EEOC'S APPLICATION FOR FEES PURSUANT TO JANUARY 21, 2025 MEMORANDUM, RECOMMENDATION, AND ORDER, DKT. 180

Pursuant to the Court's Order of January 21, 2025, Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), submits this application for attorney's fees and costs as a spoliation sanction. *See* Fed. R. Civ. P. 37(e)(1) (authorizing "measures no greater than necessary to cure the prejudice" for failure to take reasonable steps to preserve electronically stored information); *see also* Advisory Committee Notes on 2015 amendment ("The range of [curative] measures is quite broad…. Much is entrusted to the court's discretion."). Attorney's fees can be an appropriate sanction for spoliation of electronically stored information. *See Aquino v. Alexander Capital LP*, 2024 WL 4635219, at *4 (2d Cir. Oct. 31, 2024) (affirming award of attorney's fees as sanction for spoliation of electronically stored information). A court may

properly award attorney's fees as sanctions to the EEOC. *See EEOC v. Milavetz & Assoc., P.A.*, 863 F.2d 613, 615 (8th Cir. 1988) (affirming award of attorney fees to EEOC as sanction for violation of Fed. R. Civ. P. Rule 11).

The Court's Order states:

> Further, the Court orders Defendants, jointly and severally, to pay the EEOC reasonable attorney's fees and costs incurred in drafting and filing this motion (ECF No. 166) and the reply in support (ECF No. 170) to cure the prejudice that the Court has found due to the loss of the ESI on Dusek's laptop.

MR&O dated January 21, 2025 (ECF No. 180 at 79).  Further, the MR&O directs:

> To be awarded attorney's fees, the EEOC must file an application for attorney's fees, accompanied by supporting evidence establishing the amount of reasonable attorney's fees and costs to be awarded, within thirty (30) days of the issuance of the Memorandum, Recommendation, and Order.

*Id.* at 79-80.

Filed herewith as Exhibit 1, EEOC submits the Declaration of EEOC Senior Trial Attorney Lloyd van Oostenrijk ("Oostenrijk Decl."), which describes Attorney Oostenrijk's 18 years of experience representing clients in civil, commercial, and employment litigation in various state and federal courts in Texas, including six-plus years of experience representing EEOC in litigation brought by the agency in federal court.  Attorney Oostenrijk's experience includes trying cases to verdict in both state and federal courts.  The declaration also includes a detailed summary of the hours Attorney Oostenrijk estimates were spent researching, preparing, drafting and editing both the EEOC's Motion for Sanctions for Spoliation of ESI (ECF No. 166) and the reply in support (ECF No. 170).  Additionally, the EEOC submits the Declaration of Edwin Sullivan ("Sullivan Decl."), a law partner at Oberti Sullivan LLP in Houston, Texas, to attest to the reasonable market rate in the Southern District of Texas for a lawyer of Attorney Oostenrijk's skill and experience.  Attorney Sullivan's Declaration is attached hereto as Exhibit 2.

As EEOC is not a fee-charging institution, its attorneys do not keep precise records of time spent on particular matters. Oostenrijk Decl. ¶ 12. Therefore, an award to EEOC of costs and attorney's fees can only be based on estimated time. *See, e.g., SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 U.S. Dist. LEXIS 42166, at *10 (N.D. Tex. May 27, 2008) ("Moreover, "[g]overnment attorneys . . . are not normally expected to record their hours, as they do not normally litigate in fee-generating situations.") (quoting *EEOC v. Local 638 & Local 28 of the Sheet Metal Workers' Int'l Ass'n.*, 1991 U.S. Dist. LEXIS 18189, 1991 WL 278917, at *2 (S.D.N.Y. Dec. 18, 1991)).

Appropriate fee awards for government attorneys are calculated based "at the same rate that the attorney would be compensated by the prevailing local economy." *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 U.S. Dist. LEXIS 42166, at *8-9 (N.D. Tex. May 27, 2008) (citing *United States v. Big D Enters., Inc.*, 184 F.3d 924, 936 (8th Cir. 1999); *see also Napier v. Thirty or More Unidentified Fed. Agents Employees or Officers*, 855 F.2d 1080, 1092-93 (3d Cir. 1988)); *see also Blum v. Stenson*, 465 U.S. 866, 895 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (holding that attorney's fees must be calculated at "the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation."). Courts should not consider the salaries of government attorneys when calculating fee awards. *United States v. City of Jackson*, 359 F.3d 727 (5th Cir. 2004) (rejecting the argument that a lodestar rate higher than the defendant government attorney's salaries would result in a windfall).

Here, EEOC submits that an hourly rate of $400 is reasonable for an attorney of Attorney Oostenrijk's skill, reputation, and experience. *See* Oostenrijk Decl. at ¶ 16; Sullivan Decl. at ¶ 8. Attorney Oostenrijk has practiced employment law for the majority of his career. He has appeared

3

in both state and federal courts and has handled all elements of litigation, from discovery through trial. Oostenrijk Decl. at ¶¶ 6-9. Attorney Oostenrijk has also developed expertise in electronic discovery and spoliation issues. Indeed, his expertise in both these areas of law allowed Attorney Oostenrijk to prepare the pleadings at issue efficiently.

An hourly rate of $400 per hour is on the low-end market rates in Houston, Texas for lawyers with experience and skills similar to that of Attorney Oostenrijk. *See* Sullivan Decl. at ¶ 8; *see also Villegas v. Regions Bank*, No. H-11-904, 2013 U.S. Dist. LEXIS 1690, at *1 (S.D. Tex. Jan. 4, 2013) (awarding a lodestar rate of $450.00 per hour more than a decade ago); *Ramirez v. Lewis Energy Grp., L.P.*, 197 F.Supp.3d 952, 955 (S.D. Tex. 2015) (awarding an hourly rate of $175 per hour for a law clerk and $350 and $400 per hour for counsel); *Pimpanit v. Phumswarng, Inc.*, H-20-289, 2023 U.S. Dist. LEXIS 3153, at *4 (S.D. Tex. Jan. 5, 2023) (awarding a lodestar rate of $500 per hour); *Mauricio v. Phillip Gaylen, P.C.*, No. 3-14-CV-00064-L (N.D. Tex. Dec. 3, 2015) (U.S. Magistrate Judge Irma Ramirez awarded Intervenor's counsel David Langenfeld $400 per hour). According to the Bureau of Labor Statistics, inflation between 2015 and 2024 means that a $400 per hour fee in 2015 would be $558.39 in 2024. https://www.officialdata.org/Legal-services/price-inflation/2015-to-2024?amount=400

EEOC applies for fees in the amount of $4,000.00 in relation to its Motion for Sanctions for Spoliation of ESI (ECF No. 166). *See* 1/21/25 MR&O (Dkt. 180) at 87. This figure is based upon a reasonable hourly rate of $400 for a minimum of ten (10) hours of work. Oostenrijk Decl. at ¶ ¶ 14, 17. For the reasons stated above, and supported by the Declarations filed herewith, EEOC requests that its Application be granted.

Respectfully submitted,

/s/ Lloyd S. van Oostenrijk
Lloyd S. van Oostenrijk
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
S.D. No. 695844
N. Joseph Unruh
Trial Attorney
Texas Bar No. 24075198

Equal Employment
Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(346) 327-7718
(713) 651-7995 [facsimile]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed via the Court's ECF system on February 21, 2025, and through that system, was served on Defendants and Intervenor's counsel of record.

/s/ Lloyd S. van Oostenrijk
Lloyd S. van Oostenrijk

## CERTIFICATE OF WORD COUNT

Pursuant to Section 16(c) of the Court's procedures, I certify that the accompanying brief, which was prepared using Times New Roman 12-point typeface, contains 1,085 words, excluding the parts of the brief exempted by the procedures. This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

/s/ Lloyd S. van Oostenrijk
Lloyd S. van Oostenrijk