United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§<br><br>Plaintiff, §§<br><br>and §§<br><br>MAGALI VILLALOBOS, §§<br><br>Intervenor, §§<br><br>v. §§<br><br>RYAN'S POINTE HOUSTON, LLC and ADVANTAGE PROPERTY MANAGEMENT, LLC, §§§§<br><br>Defendants, §§ | Civil Action No. 4:15-CV-02782 |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the January 21, 2025, Memorandum, Recommendation, and Order ("M&R") prepared by Magistrate Judge Richard W. Bennett. (Dkt. No. 180). In this lawsuit, Plaintiff Equal Employment Opportunity Commission ("EEOC") brings discrimination claims against Defendants Ryan's Pointe Houston, LLC and Advantage Property Management, LLC ("Defendants") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, with Magali Villalobos ("Villalobos") joining as Plaintiff-Intervenor. (*Id.* at 1–3). Judge Bennett made findings and conclusions and recommended that: (1) Villalobos' Motion for Partial Summary Judgment, (Dkt. No. 143), be granted; (2) Ryan's Pointe's Motion for Summary

Judgment, (Dkt. No. 144), be denied; (3) the EEOC's Motion to Exclude Expert Testimony, (Dkt. No. 145), be denied; and (4) the EEOC's Motion for Partial Summary Judgment, (Dkt. No. 154), be granted. (Dkt. No. 180 at 88–89).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 4, 2025, Defendants filed their objections to the M&R. (Dkt. No. 181). The same day, the EEOC filed its objections. (Dkt. No. 182). Two weeks later, the EEOC responded to Defendants' objections. (Dkt. No. 183). In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

I. **DISCUSSION**

A. **DEFENDANTS' OBJECTIONS**

Defendants raise five objections to the M&R. (Dkt. No. 181 at 1–9). First, they object to Judge Bennett's finding that Defendants operated as an integrated enterprise, arguing that the M&R does not properly analyze the relevant factors and overlooked the typical nature of relationships between property owners and management companies. (*Id.* at 1–2). Second, they contend that Judge Bennett erred in finding that the monthly operational meetings were evidence of integration, arguing that a genuine dispute exists about the nature and attendance of these meetings. (*Id.* at 2–3). Third, Defendants object that Judge Bennett's conclusions of law about integrated-enterprise status were not

adequately supported by his findings of fact. (*Id.* at 3–7). Fourth, they object to Judge Bennett's finding that Villalobos used reasonable diligence to obtain substantially equivalent employment. (*Id.* at 7–8). Finally, Defendants challenge Judge Bennett's conclusion that Villalobos did not fail to mitigate her damages, arguing that they presented sufficient evidence of both her lack of diligence and the availability of comparable work to create genuine fact issues. (*Id.* at 8–9).

Addressing Defendants' first three objections, the Court finds that Judge Bennett properly determined that Defendants operated as an integrated enterprise. (Dkt. No. 180 at 23–28). The evidence cited in the M&R shows substantial integration, including: Dusek's testimony that she lacked authority to make hiring decisions without approval from Ryan's Pointe owners; operations manuals showing that the Hayman Advisors' California headquarters served as Advantage's corporate office and personnel division; employee handbooks indicating policies applied to all affiliated property employees; monthly meetings attended by California staff and managers to discuss operational matters; Ryan's Pointe's reimbursement of Advantage for employee payments; Ryan's Pointe's use of Advantage's employer-identification number to report wages; and testimony from Treiman and Hayman acknowledging that the entities "work hand-in-hand, sharing common administrative and business services." (*Id.* at 25–26). Judge Bennett concluded that this evidence establishes a degree of operational integration and centralized control that demonstrates an integrated enterprise under Fifth Circuit precedent. (*Id.* at 26–28). The Court agrees.

Regarding Defendants' fourth and fifth objections concerning mitigation, the Court agrees with Judge Bennett that Defendants cannot meet their burden on this defense. (*Id.* at 43–46). As Judge Bennett noted, the deposition testimony cited by Defendants shows that Villalobos was continuously employed and seeking employment after her termination from Defendants. (*Id.*). Judge Bennett thus correctly granted partial summary judgment for the EEOC on Defendants' failure-to-mitigate defense. (*Id.* at 43–46).

### B.   THE EEOC'S OBJECTIONS

The EEOC raises three primary objections to the M&R's evidentiary rulings. (Dkt. No. 182 at 2–18). First, the EEOC objects to Judge Bennett's exclusion of certain "Bullhorn" records, arguing that these authenticated business records contain no missing data and any issues with accuracy or completeness go to weight rather than admissibility. (*Id.* at 2–6). Second, the EEOC challenges the exclusion of a March 22, 2012, note documenting a conversation between two of Defendants' alleged agents. (*Id.* at 6–9). Third, the EEOC contends that certain expert opinions should be excluded to the extent they address educational qualifications that were never at issue in the case and merely restate performance issues that go to pretext rather than qualification. (*Id.* at 9–18).

The Court finds no error in Judge Bennett's evidentiary rulings, which were well within the considerable discretion district courts exercise when ruling on evidentiary issues. The EEOC also requests the Court "to clarify the scope of the [M&R] insofar as it permits the admission of Vasquez's report at trial." (Dkt. No. 182 at 2). To the extent that

the EEOC has admissibility concerns with Vasquez's report beyond those addressed in the M&R, the EEOC may raise those issues at the appropriate time before trial.

\* \* \*

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objections have been made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. The Court agrees with the objected-to portions of the M&R and finds no error in the remaining portions. The Court thus accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Bennett's M&R, (Dkt. No. 180), is **ACCEPTED** and **ADOPTED** in its entirety as the opinion of the Court;

(2) Villalobos' Motion for Partial Summary Judgment, (Dkt. No. 143), is **GRANTED**;

(3) Ryan's Pointe's Motion for Summary Judgment, (Dkt. No. 144), is **DENIED**;

(4) The EEOC's Motion to Exclude Expert Testimony, (Dkt. No. 145), is **DENIED**; and

(5) The EEOC's Motion for Partial Summary Judgment, (Dkt. No. 154), is **GRANTED**.

It is SO ORDERED.

Signed on February 21, 2025.

                                                      **DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**