United States District Court
Southern District of Texas
**ENTERED**
June 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, §§§§§ Plaintiff, §§ and §§ MAGALI VILLALOBOS, §§§ Intervenor, §§ v. §§§ RYAN'S POINTE HOUSTON, LLC and ADVANTAGE PROPERTY MANAGEMENT, LLC, §§§§§ Defendants, §§ | Civil Action No. 4:15-CV-02782 |

## MEMORANDUM OPINION AND ORDER

The Parties dispute whether Defendants Ryan's Pointe Houston, LLC ("Ryan's Pointe") and Advantage Property Management, LLC ("Advantage") may assert or otherwise offer evidence related to the affirmative defenses of fraud and after-acquired evidence at trial. For the reasons below, the Court concludes that Defendants may not.

### I. BACKGROUND

On September 24, 2015, the EEOC filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Dkt. No. 1). The EEOC sued on behalf of Magali Villalobos, alleging unlawful employment practices based on sex and national origin. (Dkt. No. 3). Villalobos is a U.S. citizen born in Mexico. (Dkt.

No. 154-30). The EEOC alleges that Defendants discriminated against Villalobos when they fired her on March 21, 2012, based on two protected characteristics: her sex because she was pregnant, and her national origin because she is Mexican. (Dkt. No. 3 at 4).

In their Answers, Defendants asserted that EEOC's claims were barred, in whole or in part, by fraud. (Dkt. No. 6 at 2); (Dkt. No. 133 at 2). They alleged that "Villalobos claims that she never received a written warning on March 14, 2015 from Defendant as she was out of town, but [Defendant Advantage Property Management, LLC] has time sheets from Villalobos indicating that Villalobos was at work on that date in question." (Dkt. No. 6 at 2); (Dkt. No. 133 at 2).

On June 11, 2024, the EEOC moved for partial summary judgment, arguing that Defendants failed to establish fraud as an affirmative defense and had not satisfied the standard for asserting an "after-acquired evidence" defense. (Dkt. No. 154 at 16, 30–31). Defendants countered that Villalobos made several material misrepresentations that, taken together, supported affirmative defenses including fraud, waiver, and unclean hands. (Dkt. No. 161 at 9–17). Defendants claimed that Villalobos misrepresented her qualifications to secure her managerial role and that no misrepresentations would have been necessary had she actually been qualified. (*Id.* at 9–14). They implied that, but for these misrepresentations, Villalobos would not have been hired. (*Id.* at 14).

Defendants also accused Villalobos of making false statements about a March 2012 vacation. (*Id.* at 14–17). Although Villalobos claimed to be out of town the entire week of March 12–16, Defendants argued that she was only gone on March 15 and 16. (*Id.* at 14–15). But beyond asserting that it further demonstrated Villalobos's unfitness for the

2

property-manager role and justified her termination, Defendants did not explain how this misstatement caused them harm or constituted fraud. (*Id.* at 14, 16). Even so, they concluded that her alleged misrepresentations supported affirmative defenses of fraud, "waiver, estoppel, and unclean hands." (*Id.* at 9, 17).

On January 21, 2025, Magistrate Judge Richard W. Bennett issued a Memorandum, Recommendation, and Order ("M&R") recommending that the Court grant the EEOC's motion for partial summary judgment. (Dkt. No. 180 at 88–89). Relevant here, Judge Bennett recommended dismissal of the fraud defense, finding that Defendants failed to allege actual and justifiable reliance or any resulting injury. (*Id.* at 41–43) (citing *In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 650 (Bankr. S.D. Tex. 2011)).

The Parties received proper notice and an opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 4, 2025, both Parties filed objections. (Dkt. Nos. 181, 182). The EEOC later responded to Defendants' objections. (Dkt. No. 183). Neither Party objected to Judge Bennett's recommendation to dismiss Defendants' affirmative defense of fraud. (*See generally* Dkt. Nos. 181, 182, 183). On February 21, 2025, the Court adopted the M&R's recommendation that Defendants' fraud defense be dismissed. (*See* Dkt. No. 185 at 5).

That appeared to resolve the issue. But at a June 5, 2025, docket call, the Court became aware of a continuing dispute over whether Defendants could still raise fraud or an after-acquired evidence defense at trial.

The Court now clarifies that Defendants may not pursue fraud as an affirmative defense at trial. They waived de novo review of the M&R when they failed to object by

3

the February 4, 2025, deadline, and the Court agrees that the fraud defense was inadequately pled. Defendants also may not pursue an after-acquired evidence defense at trial because they failed to raise that defense in their pleadings or briefing.

## II.  DISCUSSION

### A.  FRAUD

Defendants may not pursue or raise fraud as an affirmative defense at trial. First, Defendants did not object to the portion of Judge Bennett's M&R recommending dismissal of this defense. As a result, they waived their right to de novo review. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72; *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-CV-00535, 2018 WL 11327219, at *2 (E.D. Tex. Nov. 30, 2018); *Eulich v. United States*, No. 3:99-CV-01842, 2009 WL 2870004, at *5 (N.D. Tex. Sept. 4, 2009). So the Court need only review this portion of the M&R for plain error. *See Ross v. Oracle Am.*, No. 25-50078, 2025 WL 1513948, at *1 (5th Cir. May 27, 2025) (per curiam); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420–23, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Court has already conducted a plain-error review of this portion of the M&R, (Dkt. No. 185 at 5), and agrees that Defendants failed to adequately plead fraud, (Dkt. No. 180 at 42–43). Under Rule 8(c), a defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). Although the sufficiency standard for affirmative defenses has been debated, the Fifth Circuit has continued to apply the

4

fair-notice standard even after *Twombly*[1] and *Iqbal*.[2] *Neely v. Trans Union LLC*, No. 4:18-CV-00849, 2019 WL 338127, at *1 (S.D. Tex. Jan. 28, 2019) (collecting cases). Accordingly, "the applicable pleading standard for affirmative defenses is whether the defense is pled with enough specificity to give the plaintiff fair notice of the defense." *Id.*; *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (quoting *Rogers*, 521 F.3d at 385).

Additionally, because fraud is subject to Rule 9(b), Defendants must plead it with particularity. *Steel Dust Recycling, LLC v. Robinson*, 667 F.Supp.3d 511, 514 (S.D. Tex. 2023) ("An 'affirmative defense is subject to the same pleading requirements as is the complaint.'" (quoting *Woodfield*, 193 F.3d at 362)); *Array Holdings Inc. v. Safoco, Inc.*, No. 4:12-CV-00366, 2013 WL 4588506, at *2 (S.D. Tex. Aug. 28, 2013) (citing Fed. R. Civ. P. 9(b)); *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. 4:09-CV-02582, 2010 WL 2219179, at *5–6 (S.D. Tex. May 28, 2010). "Pleading fraud with particularity requires a party to plead the time, place, and contents of the false representation, as well as the identity of the person making the representation and what that person obtained thereby." *Array Holdings Inc.*, 2013 WL 4588506, at *2 (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Defendants do not satisfy these pleading requirements. Indeed, Defendants' Answers merely state that Villalobos denied receiving a written warning on March 14, 2015, claiming she was out of town, while records allegedly show that she was at work. (Dkt. No. 6 at 2); (Dkt. No. 133 at 2). The date also appears to be incorrect because, in

---

[1]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[2]   *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

opposing summary judgment, Defendants argued that Villalobos misrepresented her whereabouts on March 14, 2012—not 2015. (See Dkt. No. 161 at 14–17). Defendants' singular allegation thus fails to meet even the fair-notice standard, let alone the heightened particularity standard required under Rule 9(b). And while the incorrect date may simply be a drafting error, Defendants still fail to explain how this single alleged misstatement satisfies the elements of fraud or provides fair notice of the defense.

Under Texas law, a fraud claim requires (1) a material representation; (2) that was false when made; (3) known to be false or made with reckless disregard for the truth; (4) intended to induce reliance; (5) that induced reliance; and (6) that caused injury. *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004); *see LeTourneau Techs. Drilling Sys., Inc. v. Nomac Drilling, LLC*, 676 F.Supp.2d 534, 541–42 (S.D. Tex. 2009) (applying elements of fraud to defendant's affirmative defense of fraud). Even if Defendants have adequately alleged misrepresentation regarding Villalobos's receipt of a written warning or her vacation dates, they have failed to allege facts showing that she intended for Defendants to rely on any statement, that Defendants relied on one, or that they suffered any injury as a result.

As Judge Bennett correctly observed: "Because Defendants fail to show that they relied upon and were injured by the alleged misrepresentations, Defendants have not adequately pleaded a fraud defense." (Dkt. No. 180 at 42) (citing *In re Yazoo Pipeline Co., L.P.*, 459 B.R. at 650); *see Steel Dust Recycling*, 667 F.Supp.3d at 514–15 (striking affirmative defense of fraud for inadequate pleading); *see also EEOC v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-01911, 2011 WL 208408, at *4–5 (N.D. Tex. Jan. 21, 2011) (striking equitable

affirmative defenses because they were "not accompanied by any factual allegations giving notice of the nature of the defense").

Because Defendants failed to allege the factual basis for the essential elements of fraud, the Court agrees that their Answers did not give the EEOC fair notice of the nature of the defense. Accordingly, the Court reaffirms its earlier ruling adopting the M&R and concludes that Defendants may not pursue the affirmative defense of fraud at trial.[3]

### B. AFTER-ACQUIRED EVIDENCE

The Court next addresses Defendants' recent contention that their "fraud" defense was intended to invoke the after-acquired evidence doctrine. The Court finds that Defendants may not pursue this defense at trial because they did not adequately plead it.

Under the after-acquired evidence defense, an employer may limit backpay damages in a wrongful-termination case if, after the employee's termination, the employer discovers evidence of misconduct that would have independently justified termination.[4] *Hoang v. Microsemi Corp.*, No. 4:19-CV-01971, 2025 WL 933720, at *1, 4 (S.D. Tex. Mar. 26, 2025). "[W]here, after termination, it is discovered that the employee has

---

[3] Defendants had an opportunity to amend their affirmative defenses to satisfy the fair-notice pleading requirement, and the time for amended pleadings has passed. As a result, the Court will not allow further attempts to plead the fraud defense adequately. *See MetroPCS v. Fiesta Cell Phone & Dish Network, Inc*, No. 4:16-CV-03573, 2017 WL 1956739, at *2 n.2 (S.D. Tex. May 11, 2017).

[4] Importantly, the after-acquired evidence does not bear on whether the employer unlawfully discriminated against the employee. Instead, by definition, the evidence concerns misconduct "not discovered until *after*" the employee's termination. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 359–60, 115 S.Ct. 879, 885, 130 L.Ed.2d 852 (1995) (emphasis added). Because "[t]he employer could not have been motivated by knowledge it did not have," it cannot rely on after-acquired evidence to "claim that the employee was fired for [a] nondiscriminatory reason." *Id.* at 360, 115 S.Ct. at 885.

engaged in wrongdoing," backpay is limited to the period between the unlawful termination and "the date the new information was discovered." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361–62, 115 S.Ct. 879, 886, 130 L.Ed.2d 852 (1995). To invoke the after-acquired evidence defense, an employer must "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* at 362–63, 115 S.Ct. at 886–87.

This affirmative defense must also be both pled and proved. *EEOC v. U.S. Steel Tubular Prods., Inc.*, No. 4:14-CV-02747, 2016 WL 11795815, at *6 (S.D. Tex. Aug. 4, 2016) (citing Fed. R. Civ. P. 8) (stating that a defendant has the burden of pleading affirmative defenses). As discussed above, *see supra* Section II(A), an affirmative defense must be pled "with enough specificity or factual particularity to give . . . 'fair notice' of the defense." *Steel Dust Recycling*, 667 F.Supp.3d at 514 (quoting *Rogers*, 521 F.3d at 385).

Here, Defendants did not plead after-acquired evidence—by name or in substance—in their Answers. Nor do they really argue the defense in their summary-judgment filings. In their response to the EEOC's Motion for Partial Summary Judgment, Defendants merely argued that Villalobos's alleged misrepresentations showed she was unqualified and that her performance justified her termination. (Dkt. No. 161 at 14). But evidence suggesting that Villalobos was unqualified for the position—or that firing her was justified based on what Defendants knew at the time—is not the same as alleging that Defendants later discovered evidence that would have independently justified firing Villalobos on grounds separate from those that prompted her actual discharge. *See*

*McKennon*, 513 U.S. at 359–60, 115 S.Ct. at 885.  And it certainly does not provide fair notice of such a theory.

Nowhere do Defendants explain—much less support with factual allegations—that Villalobos's alleged misstatements about receiving a warning or taking vacation would have independently justified her termination had they been known at the time. (*See* Dkt. No. 6 at 2); (Dkt. No. 133 at 2); (Dkt. No. 161 at 14–17).  As such, Defendants have failed to provide the EEOC with fair notice of any after-acquired evidence theory and may not now raise it on the eve of trial.  *See* Fed. R. Civ. P. 8(c); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308–09 (5th Cir. 2019); *LSREF2 Baron*, 751 F.3d at 398.

* * *

In sum, Defendants may not raise or pursue an affirmative defense of fraud or a defense based on after-acquired evidence at trial.

### III.   CONCLUSION

It is therefore ordered that:

(1)   Consistent with the Court's February 21, 2025, Order adopting Judge Bennett's January 1, 2025, Memorandum and Recommendation, (Dkt. No. 185), Defendants' affirmative defense of fraud is **STRUCK**.  Defendants may not raise or pursue fraud as an affirmative defense at trial.

(2)   Defendants' proposed after-acquired evidence theory is **STRUCK** as an unpled affirmative defense.  Defendants may not raise or pursue a defense based on after-acquired evidence at trial.

(3)   This Order does not preclude the admission of evidence that is otherwise relevant and admissible to support a properly pled defense or theory.

It is SO ORDERED.

Signed on June 10, 2025.

                        **DREW B. TIPTON**
                  **UNITED STATES DISTRICT JUDGE**

10